**WAJDA LAW GROUP, APC**
Nicholas M. Wajda
Cal. Bar No. 259178
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH M. HATCH, <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., <br><br> Defendant. | Case No. **'21CV1365 CAB DEB** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.;*** <br><br> **JURY TRIAL DEMANDED** |

**NOW COMES** Sarah M. Hatch ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of Midland Credit Management, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is domiciled in the Southern District of California, Defendant conducts business and maintains significant business contacts in the Southern District of California.

1

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age.

5. Defendant is a debt collection agency with its principal place of business located at 350 Camino de la Reina, Suite 300, San Diego, California 92108. Defendant acted through its agents, employees, officers, members, directors, vendors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

6. Plaintiff incurred a personal credit card debt with Credit One Bank for $1236.60 ("subject debt").

7. Thereafter, Plaintiff fell behind on payments and Defendant acquired the right to collect on the subject debt.

8. Around January 2021, Defendant began placing phone calls to Plaintiff's cellular phone number (918) XXX-2724, in an attempt to collect on the subject debt.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in 2724.

10. Soon after Defendant's calls began, Plaintiff answered a call from Defendant and expressed that she no longer wanted to receive calls from Defendant.

11. Failing to acquiesce to Plaintiff's demand to cease calling, Defendant continued to call Plaintiff's cellular phone, with multiple calls taking place in one day and calls taking place on back-to-back days.

12. Defendant continued to place calls to Plaintiff's cellular phone, where Plaintiff again requested Defendant to stop calling her.

13. Defendant has also placed multiple calls to Plaintiff's cellular phone using Caller

ID spoofing, which deliberately falsifies the information transmitted to Plaintiff's Caller ID display to disguise the identity of the caller.

14. Upon information and belief, Defendant spoofed its caller ID in order to trick Plaintiff into answering its calls and willfully attempt to collect the subject debt from Plaintiff.

15. Despite knowing that Plaintiff did not want to receive any further calls, Defendant placed numerous calls to Plaintiff's cellular phone following her request that the calls cease.

16. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling with such frequency as can be reasonably expected to harass.

17. Frustrated over Defendant's conduct, Plaintiff spoke with attorneys regarding her rights, with the hope of ending the harassing attacks and unfair practices by Defendant.

### DAMAGES

18. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

19. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time and causing risk of injury by interrupting and distracting Plaintiff, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

20. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct, thus incurring costs and expenses.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

24. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

25. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

26. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

27. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), and f through its unlawful debt collection practices.

   a. **Violations of FDCPA §1692c**

28. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt the subject debt.

29. Moreover, Defendant was repeatedly notified by Plaintiff that Defendant's calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and

distressing to Plaintiff.

**b. Violations of FDCPA §1692d**

30. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the calls after Plaintiff put Defendant on notice that the calls cease.

31. Defendant violated §1692d(5) by causing Plaintiff's telephone to ring in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff.

**c. Violations of FDCPA §1692f**

32. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff through harassing means. Defendant repeatedly attempted to coerce Plaintiff into making a payments, and continuously pressuring her to provide information about the subject debt. These means employed by Defendant only served to worry, harass and cause distress to Plaintiff.

33. Defendant had been told by Plaintiff to stop calling her multiple times. Nevertheless, it persisted with its phone call campaign in contacting her, and knew that its conduct was inconvenient and harassing to Plaintiff.

34. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through never-ending harassing phone calls to the phones of consumers in an attempt to collect on a debt.

35. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

36. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, SARAH M. HATCH respectfully requests that this Honorable Court:

    a. Statutory damages of $1,000.00, pursuant to §1692k(a)(2)(A) ;
    b. Enjoin Defendant from further communicating with Plaintiff;
    c. Actual damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);
    d. Reasonable costs & attorneys' fees under to 15 U.S.C. §1692k(a)(3); and
    e. Such other relief that this Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: July 29, 2021

Respectfully submitted,

By: */s/ Nicholas M. Wajda*
Nicholas M. Wajda, Esq.
Cal. Bar No. 259178
Wajda Law Group, APC
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com
*Counsel for Plaintiff*